IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA ANN MARTIN-DOWLING, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| BLUE CROSS BLUE SHIELD OF | ) | |
| GEORGIA FOUNDATION, LLC, | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jessica Ann Martin-Dowling ("Plaintiff" or "Martin"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Blue Cross Blue Shield of Georgia Foundation, LLC ("Defendant" or "BCBS"), and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), disability discrimination and retaliation in

violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et. seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* ("FMLA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Plaintiff is over the age of 40.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the ADEA at 29 U.S.C. §630(f).

7.

Defendant is a foreign limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed twenty (20) or more employees for the requisite duration under the ADEA. Defendant is therefore covered under the ADEA in accordance with 29 U.S.C. § 630(b).

9.

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

10.

Defendant is now and, at all times relevant hereto, has been a foreign limited liability company, engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the

requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2601 et seq.

12.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. §2601 et seq.

13.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding taking medical leave pursuant to the FMLA.

14.

Plaintiff was employed by Defendant for more than twelve (12) months.

15.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

16.

Plaintiff was eligible for FMLA leave.

17.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett Co., GA 30046.

18.

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

## ADMINISTRATIVE PROCEDURES

19.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2018.

20.

Plaintiff's Counsel requested that the EEOC issue the Notice of Right to Sue Letter related to the Charge of Discrimination [410-2019-02531] on May 22,2019.[12]

21.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

22.

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

23.

Ms. Martin was hired by BCBS on or about April 25, 2016 as a Registered Nurse Case Manager.

24.

In May 2017, Ms. Martin was diagnosed with a disabling medical condition.

[1] Plaintiff's Counsel has requested the RTS on May 22, 2019. Plaintiff's Counsel has not yet received the RTS Letter. See attached email issued to EEOC detailing the Plaintiff's request (Ex. 1).

25.

In June 2017, Ms. Martin went out on Short Term Disability leave.

26.

In November 2017, Ms. Martin returned to work.

27.

Upon Ms. Martin's return to work, she continued to have frequent medical appointments, causing her to miss time at work.

28.

Ms. Martin was not notified of her option to apply for intermittent FMLA leave.

29.

Ms. Martin was told by her Supervisor, Paula Coleman, that she would have to make up the missed time she was out due to her medical appointments.

30.

In January 2018, Ms. Coleman met twice with Ms. Martin to discuss performance expectations.

31.

In February 2018, Ms. Martin spoke to Human Resources about her medical appointments and was then advised about intermittent FMLA.

32.

Ms. Martin applied for and was approved for intermittent FMLA, which was then back dated to begin January 1, 2018 and to continue through approximately July 23, 2018. The leave was specified as one to two times per month for one to two hours, or one day per absence.

33.

Ms. Martin's medical provider requested on the FMLA an accommodation of a reduced work schedule of one to two hours per day for Ms. Martin.

34.

By February 20, 2018 and after Ms. Martin was approved for intermittent FMLA to attend her medical appointments, Plaintiff's Supervisor, Paula Coleman, began to harass her, stating that she was not performing her job correctly, being insubordinate, and that Plaintiff was not coming to work on time.

35.

On February 28, 2018, Ms. Coleman issued Ms. Martin a corrective action in the form of a written warning citing her job performance.

36.

Ms. Martin disputed the warning and did not sign the corrective action form.

37.

Ms. Coleman was to meet with Ms. Martin on a weekly basis during the 30-day warning period. The meetings were to take place on March 8, 15, 22, and 29 of 2018.

38.

On or about March 25, 2018, Ms. Martin filed a report of discrimination and harassment with Human Resources against Ms. Coleman.  In the report, Martin outlined that Coleman had continuously criticized her, continuously interrupted her while working by sending messages or coming to her desk to speak.  Coleman would assign additional work with the knowledge that it could not be completed by close of business and then would insist Martin stay late to complete the work.

39.

Ms. Coleman stated that Ms. Martin was not completing her work correctly, yet Martin was completing the assignments as taught in class.

40.

Ms. Coleman made Ms. Martin attend the training class for new hires, even though Ms. Martin had taken the class already.

41.

The harassment by Ms. Coleman became worse following the approval of her intermittent FMLA.

42.

Ms. Coleman scheduled to change Ms. Martin's work hours to the late shift, knowing that it would be a hardship for Ms. Martin due to her disability.

43.

Ms. Martin's co-workers made complaints about Ms. Coleman's harassment directed towards Ms. Martin.

44.

Ms. Coleman issued Ms. Martin an unauthorized absence for one of Plaintiff's medical appointments and made Plaintiff's work assignments difficult.

45.

Defendant assigned Erin Walker, Human Resources (AART) to Ms. Martin's case.

46.

On or about March 27, 2018 Ms. Coleman responded to Ms. Martin's report by accusing Plaintiff of not doing her work.

47.

On April 11, 2018, Ms. Martin was terminated by Defendant. The Separation notice listed the reason for termination as "Other Involuntary."

48.

Ms. Walker stated to Ms. Martin that she had not yet completed her investigation and was surprised by the termination by Ms. Coleman.

49.

Others outside of Plaintiff's protected class were treated differently.

50.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

### COUNT I
### FMLA INTERFERENCE

51.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

52.

Defendant is an "employer" as defined by the FMLA.

53.

Plaintiff was an eligible employee under the FMLA.

54.

Plaintiff worked at least 1250 hours for Defendant prior to Defendant's termination of her employment.

55.

Plaintiff was employed by Defendant for more than 12 months.

56.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

57.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

58.

Plaintiff had a serious medical condition, as defined by the FMLA.

59.

Plaintiff had a medical condition that required time off from work to receive medical treatment.

60.

Defendant was aware of Plaintiff's serious medical condition and her need for and intent to take protected, intermitted medical leave to receive continuing medical treatment for her serious medical condition.

61.

Defendant terminated Plaintiff's employment to avoid having to accommodate Plaintiff's rights to protected, intermittent medical leave.

62.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

63.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

64.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and

(B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II:  FMLA RETALIATION

65.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

66.

Defendant is an 'employer' as defined by the FMLA.

67.

Plaintiff was an eligible employee under the FMLA.

68.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

69.

Plaintiff was employed by Defendant for more than 12 months.

70.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

71.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

72.

Plaintiff had a medical condition that required time off of work to receive medical treatment.

73.

Plaintiff had a serious medical condition as defined by the FMLA.

74.

Defendant had notice of Plaintiff's need for protected medical leave.

75.

Defendant failed to advise Plaintiff about her right to FMLA leave.

76.

After Plaintiff applied for and obtained FMLA leave, Defendant retaliated against her.

77.

Defendant terminated Plaintiff's employment.

78.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

79.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**COUNT III**
**DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

80.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

81.

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions, including but not limited to functions of the respiratory and circulatory systems.

82.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

83.

Defendant was aware of Plaintiff's disability.

84.

Defendant received notice of Plaintiff's disability, at the latest, in November 2015.

85.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

86.

Plaintiff has a record of having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

87.

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

88.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

89.

Defendant terminated Plaintiff's employment, in whole or in part, because of her disability, perceived disability, or record of having a disability.

90.

Defendant's supervisory employee made derogatory comments about Plaintiff's disability.

91.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

92.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

93.

Defendant treated other employees outside Plaintiff's protected class differently.

94.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of

the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

95.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

96.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

97.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

98.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

99.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

100.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

101.

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions including but not limited to functions of the respiratory and circulatory systems.

102.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

103.

Defendant was aware of Plaintiff's disability.

104.

Defendant received notice of Plaintiff's disability, at the latest, in November 2015.

105.

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

106.

Plaintiff was able to perform the essential function of her job with a reasonable accommodation.

107.

Plaintiff requested that Defendant accommodate her disability by allowing her to take intermittent leave from work to attend periodic doctor's appointments and time off as needed to avoid going into a serious medical state related to her disability.

108.

Upon receiving Plaintiff's request for accommodations, Defendant interfered with and failed to engage in any interactive process with Plaintiff regarding her requested accommodations.

109.

Defendant refused to provide Plaintiff with the reasonable accommodations, even though to do so would not impose an undue hardship.

110.

Defendant terminated Plaintiff's employment to avoid providing Ms. Martin the reasonable accommodations requested.

111.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

112.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

113.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

114.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

115.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

116.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT V

## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

117.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

118.

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions including but not limited to functions of the respiratory and circulatory systems.

119.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

120.

Defendant was aware of Plaintiff's disability.

121.

Defendant received notice of Plaintiff's disability.

122.

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

123.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

124.

Plaintiff engaged in protected activity when she requested that Defendant accommodate her disability by allowing her to take intermittent leave from work to attend periodic doctor's appointments and time off as needed to avoid going into a serious medical state related to her disability.

125.

Plaintiff engaged in protected activity when she complained to Defendant about disability discrimination and retaliation.

126.

Defendant retaliated against Plaintiff by interfering with her requests for accommodation and subjecting her to disciplinary actions on the basis of her requests and subsequent complaints of discrimination and retaliation.

127.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her accommodation requests.

128.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her complaints of disability discrimination and retaliation.

129.

Defendant's proffered reason for terminating Plaintiff's employment is a pretext designed to hide Defendant's retaliatory motive.

130.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

131.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

132.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

133.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## <u>COUNT VI</u>
## <u>AGE DISCRIMINATION IN VIOLATION OF THE ADEA</u>

134.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

135.

Plaintiff is over the age of 40.

136.

At the time Defendant terminated Plaintiff's employment, she was 63 years old.

137.

Defendant's supervisory employee harassed and singled-out Plaintiff by exemplifying her to be an individual whose age made her incapable of keeping up with her work and technology.

138.

Defendant terminated Plaintiff's employment, in whole or in part, because of her age.

139.

Others outside of Ms. Martin's protected classes were treated differently.

140.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment based on her age constitutes unlawful discrimination in violation of the ADEA, as amended.

141.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

142.

The effect of the conduct was to deprive Plaintiff of equal employment opportunity, and otherwise adversely affected Plaintiff's status as an employee, because of her age.

143.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical wellbeing as well as causing lost compensation and benefits.

144.

Pursuant to the ADEA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADEA.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 22nd day of May, 2019.

**BARRETT & FARAHANY**
<u>s/Sheri Bagheri</u>
Sheri Bagheri
Georgia Bar No. 174460
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
sheri@justiceatwork.com