UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA ANN MARTIN-DOWLING, | ) ) ) | Civil Action No. 1:19-cv-02313-WMR-JSA |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| BLUE CROSS BLUE SHIELD OF GEORGIA FOUNDATION, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## DEFENDANT ANTHEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant ANTHEM, INC. ("Anthem"), incorrectly named in the Complaint as "Blue Cross Blue Shield Of Georgia Foundation, LLC," by its attorneys and pursuant to Fed. R. Civ. P. 8 and 12, hereby answers Plaintiff JESSICA ANN MARTIN-DOWLING's Complaint ("Plaintiff's Complaint") and sets forth its Affirmative Defenses as follows:

## NATURE OF COMPLAINT

**COMPLAINT ¶1:**

Plaintiff brings this action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29

U.S.C. § 621, *et seq.* ("ADEA"), disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et. seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* ("FMLA").

**ANSWER:**

Anthem admits that Plaintiff purports to bring this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et. seq. ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA"), but Anthem denies that it violated the ADEA, the ADA, or the FMLA and also denies that Plaintiff is entitled to any relief whatsoever. Anthem further denies that Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), inasmuch as she has not stated any claims under Title VII, and denies the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

**ANSWER:**

Anthem admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted claims under the ADEA, ADA,

and FMLA. Anthem denies that it violated the ADEA, ADA, and FMLA and denies that Plaintiff is entitled to any relief whatsoever. Anthem further denies that this Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), inasmuch as Plaintiff has not brought any claims under Title VII. Anthem also denies the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**ANSWER:**

Anthem admits that venue is appropriate in this Court, but denies that it violated the ADEA, ADA, or FMLA and denies that Plaintiff is entitled to any relief whatsoever. Anthem further denies that venue is appropriate based on 42 U.S.C. § 2000e-5(f), inasmuch as Plaintiff has not brought any claims under that statute. Anthem also denies the remaining allegations in Paragraph No. 3 of Plaintiff's Complaint.

## PARTIES

**COMPLAINT ¶4:**

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 4 of Plaintiff's Complaint, except that, upon information and belief, Anthem admits that Plaintiff is a female and a citizen of the United States of America.

**COMPLAINT ¶5:**

Plaintiff is over the age of 40.

**ANSWER:**

Upon information and belief, Anthem admits the allegations in Paragraph No. 5 of Plaintiff's Complaint.

**COMPLAINT ¶6:**

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the ADEA at 29 U.S.C. §630(f).

**ANSWER:**

Anthem admits that Plaintiff was an employee of Anthem, Inc. Anthem denies any remaining allegations in Paragraph No. 6 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

Defendant is a foreign limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 7 of Plaintiff's Complaint.

**COMPLAINT ¶8:**

During all times relevant hereto, Defendant has employed twenty (20) or more employees for the requisite duration under the ADEA. Defendant is therefore covered under the ADEA in accordance with 29 U.S.C. § 630(b).

**ANSWER:**

Anthem admits the allegations in Paragraph No. 8 of Plaintiff's Complaint.

**COMPLAINT ¶9:**

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

**ANSWER:**

Anthem admits that Plaintiff was an employee of Anthem, Inc. Anthem denies any remaining allegations in Paragraph No. 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Defendant is now and, at all times relevant hereto, has been a foreign limited liability company, engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

**ANSWER:**

Anthem denies the allegations in Paragraph No. 10 of Plaintiff's Complaint, except that Anthem admits that it is engaged in an industry affecting commerce, that it employs fifteen or more employees, and that it is covered under the ADA.

**COMPLAINT ¶11:**

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2601 et seq.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 11 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. §2601 et seq.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding taking medical leave pursuant to the FMLA.

**ANSWER:**

Anthem admits that Plaintiff worked at least 1250 hours for Anthem within the 12 months preceding the medical leave she took pursuant to the FMLA that began on or about June 1, 2017. Anthem denies any remaining allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

Plaintiff was employed by Defendant for more than twelve (12) months.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 14 of Plaintiff's Complaint.

**COMPLAINT ¶15:**

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 15 of Plaintiff's Complaint.

**COMPLAINT ¶16:**

Plaintiff was eligible for FMLA leave.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 16 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett Co., GA 30046.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

**COMPLAINT ¶19:**

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2018.

**ANSWER:**

Anthem admits that Plaintiff filed a charge of discrimination against Blue Cross Blue Shield of Georgia on October 5, 2018. Anthem denies any remaining allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

Plaintiff's Counsel requested that the EEOC issue the Notice of Right to Sue Letter related to the Charge of Discrimination [410-2019-02531] on May 22, 2019.

**ANSWER:**

On information and belief, Anthem admits that Plaintiff's counsel requested the issuance of the Notice of Right to Sue letter on or about May 22, 2019. Anthem denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

**ANSWER:**

Anthem denies the allegations in Paragraph No. 21 of Plaintiff's Complaint, inasmuch as Plaintiff acknowledges in her Complaint that, as of the filing of Plaintiff's Complaint on May 22, 2019, "Plaintiff's Counsel has not yet received the RTS Letter." (Doc. No. 1 at 6, fn1.)

## FACTUAL ALLEGATIONS

**COMPLAINT ¶22:**

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 22 of Plaintiff's Complaint. Anthem, however, denies that Plaintiff has brought any claims under Title VII,

denies that Plaintiff has satisfied the prerequisites for bringing an action under Title VII, denies that it violated Title VII, and denies that Plaintiff is entitled to any relief whatsoever. Anthem further denies any remaining allegations in Paragraph No. 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Ms. Martin was hired by BCBS on or about April 25, 2016 as a Registered Nurse Case Manager.

**ANSWER:**

Anthem admits that it hired Plaintiff as a Registered Nurse Case Manager I on or about April 25, 2016. Anthem denies any remaining allegations in Paragraph No. 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

In May 2017, Ms. Martin was diagnosed with a disabling medical condition.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 24 of Plaintiff's Complaint.

**COMPLAINT ¶25:**

In June 2017, Ms. Martin went out on Short Term Disability leave.

**ANSWER:**

Anthem admits that Plaintiff began a Short Term Disability leave in June 2017.

**COMPLAINT ¶26:**

In November 2017, Ms. Martin returned to work.

**ANSWER:**

Anthem admits that, after a period of Short Term Disability leave, Plaintiff returned to work in November 2017.

**COMPLAINT ¶27:**

Upon Ms. Martin's return to work, she continued to have frequent medical appointments, causing her to miss time at work.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 27 of Plaintiff's Complaint, except that Anthem admits that, after her return to work in November 2017 following a period of Short Term Disability leave, Plaintiff missed time at work.

**COMPLAINT ¶28:**

Ms. Martin was not notified of her option to apply for intermittent FMLA leave.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.

**COMPLAINT ¶29:**

Ms. Martin was told by her Supervisor, Paula Coleman, that she would have to make up the missed time she was out due to her medical appointments.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

In January 2018, Ms. Coleman met twice with Ms. Martin to discuss performance expectations.

**ANSWER:**

Anthem admits that Paula Coleman met with Plaintiff in January 2018 to discuss performance expectations.

**COMPLAINT ¶31:**

In February 2018, Ms. Martin spoke to Human Resources about her medical appointments and was then advised about intermittent FMLA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 31 of Plaintiff's Complaint, but admits that an Associate Relations Consultant advised Plaintiff regarding the possible availability of intermittent leave under the FMLA in or about January 2018. Anthem denies any remaining allegations in Paragraph No. 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

Ms. Martin applied for and was approved for intermittent FMLA, which was then back dated to begin January 1, 2018 and to continue through approximately July 23, 2018. The leave was specified as one to two times per month for one to two hours, or one day per absence.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 32 of Plaintiff's Complaint, except that Anthem admits that Plaintiff applied for intermittent FMLA leave for the period January 24, 2018 through July 23, 2018 and that the leave requested was for one to two times per month for one to two hours up to one day per absence. Anthem denies any remaining allegations in Paragraph No. 32 of Plaintiff's Complaint.

**COMPLAINT ¶33:**

Ms. Martin's medical provider requested on the FMLA an accommodation of a reduced work schedule of one to two hours per day for Ms. Martin.

**ANSWER:**

Anthem admits that the Health Care Provider Statement from Plaintiff's doctor dated February 2, 2018 requested a reduced work schedule of one to two hours per day for doctor visits. Anthem denies any remaining allegations in Paragraph No. 33 of Plaintiff's Complaint.

**COMPLAINT ¶34:**

By February 20, 2018 and after Ms. Martin was approved for intermittent FMLA to attend her medical appointments, Plaintiff's Supervisor, Paula Coleman, began to harass her, stating that she was not performing her job correctly, being insubordinate, and that Plaintiff was not coming to work on time.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

On February 28, 2018, Ms. Coleman issued Ms. Martin a corrective action in the form of a written warning citing her job performance.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 35 of Plaintiff's Complaint.

**COMPLAINT ¶36:**

Ms. Martin disputed the warning and did not sign the corrective action form.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

Ms. Coleman was to meet with Ms. Martin on a weekly basis during the 30-day warning period. The meetings were to take place on March 8, 15, 22, and 29 of 2018.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 37 of Plaintiff's Complaint.

**COMPLAINT ¶38:**

On or about March 25, 2018, Ms. Martin filed a report of discrimination and harassment with Human Resources against Ms. Coleman. In the report, Martin outlined that Coleman had continuously criticized her, continuously interrupted her while working by sending messages or coming to her desk to speak. Coleman would assign additional work with the knowledge that it could not be completed by close of business and then would insist Martin stay late to complete the work.

**ANSWER:**

Anthem admits that, on or about March 27, 2018, Plaintiff reported to

Anthem's Associate Relations Resolution Team concerns that Ms. Coleman was

harassing her, continuously criticizing her, continuously interrupting her, sending her messages, and coming to her desk to speak to her. Anthem denies the remaining allegations in Paragraph No. 38 of Plaintiff's Complaint.

**COMPLAINT ¶39:**

Ms. Coleman stated that Ms. Martin was not completing her work correctly, yet Martin was completing the assignments as taught in class.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 39 of Plaintiff's Complaint, except that Anthem admits that Ms. Coleman told Ms. Martin that she was not completing her work correctly.

**COMPLAINT ¶40:**

Ms. Coleman made Ms. Martin attend the training class for new hires, even though Ms. Martin had taken the class already.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 40 of Plaintiff's Complaint.

**COMPLAINT ¶41:**

The harassment by Ms. Coleman became worse following the approval of her intermittent FMLA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 41 of Plaintiff's Complaint.

**COMPLAINT ¶42:**

Ms. Coleman scheduled to change Ms. Martin's work hours to the late shift, knowing that it would be a hardship for Ms. Martin due to her disability.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 42 of Plaintiff's Complaint.

**COMPLAINT ¶43:**

Ms. Martin's co-workers made complaints about Ms. Coleman's harassment directed towards Ms. Martin.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 43 of Plaintiff's Complaint, except that Anthem denies that Martin's co-workers made any formal complaints regarding any alleged harassment of Ms. Martin by Ms. Coleman.

**COMPLAINT ¶44:**

Ms. Coleman issued Ms. Martin an unauthorized absence for one of Plaintiff's medical appointments and made Plaintiff's work assignments difficult.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 44 of Plaintiff's Complaint.

**COMPLAINT ¶45:**

Defendant assigned Erin Walker, Human Resources (AART) to Ms. Martin's case.

**ANSWER:**

Anthem admits that Associate Relations Consultant Erin Walker advised Ms. Coleman regarding concerns she had regarding comments Plaintiff made to other associates about her manager. Anthem denies any remaining allegations in Paragraph No. 45 of Plaintiff's Complaint.

**COMPLAINT ¶46:**

On or about March 27, 2018 Ms. Coleman responded to Ms. Martin's report by accusing Plaintiff of not doing her work.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 46 of Plaintiff's Complaint.

**COMPLAINT ¶47:**

On April 11, 2018, Ms. Martin was terminated by Defendant. The Separation notice listed the reason for termination as "Other Involuntary."

**ANSWER:**

Anthem admits the allegations in Paragraph No. 47 of Plaintiff's Complaint.

**COMPLAINT ¶48:**

Ms. Walker stated to Ms. Martin that she had not yet completed her investigation and was surprised by the termination by Ms. Coleman.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 48 of Plaintiff's Complaint.

**COMPLAINT ¶49:**

Others outside of Plaintiff's protected class were treated differently.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 49 of Plaintiff's Complaint.

**COMPLAINT ¶50:**

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 50 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### FMLA INTERFERENCE

**COMPLAINT ¶51:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 1 through 50 of Plaintiff's Complaint as its response to Paragraph No. 51 of Plaintiff's Complaint.

**COMPLAINT ¶52:**

Defendant is an "employer" as defined by the FMLA.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 52 of Plaintiff's Complaint.

**COMPLAINT ¶53:**

Plaintiff was an eligible employee under the FMLA.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 53 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 53 of Plaintiff's Complaint.

**COMPLAINT ¶54:**

Plaintiff worked at least 1250 hours for Defendant prior to Defendant's termination of her employment.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 54 of Plaintiff's Complaint.

**COMPLAINT ¶55:**

Plaintiff was employed by Defendant for more than 12 months.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 55 of Plaintiff's Complaint.

**COMPLAINT ¶56:**

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 56 of Plaintiff's Complaint.

**COMPLAINT ¶57:**

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 57 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 57 of Plaintiff's Complaint.

**COMPLAINT ¶58:**

Plaintiff had a serious medical condition, as defined by the FMLA.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 58 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 58 of Plaintiff's Complaint.

**COMPLAINT ¶59:**

Plaintiff had a medical condition that required time off from work to receive medical treatment.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 59 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 59 of Plaintiff's Complaint.

**COMPLAINT ¶60:**

Defendant was aware of Plaintiff's serious medical condition and her need for and intent to take protected, intermitted medical leave to receive continuing medical treatment for her serious medical condition.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 60 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 60 of Plaintiff's Complaint.

**COMPLAINT ¶61:**

Defendant terminated Plaintiff's employment to avoid having to accommodate Plaintiff's rights to protected, intermittent medical leave.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 61 of Plaintiff's Complaint.

**COMPLAINT ¶62:**

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 62 of Plaintiff's Complaint.

**COMPLAINT ¶63:**

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 63 of Plaintiff's Complaint.

**COMPLAINT ¶64:**

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) — including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 64 of Plaintiff's Complaint.

## COUNT II: FMLA RETALIATION

**COMPLAINT ¶65:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 52 through 64 of Plaintiff's Complaint as its response to Paragraph No. 65 of Plaintiff's Complaint.

**COMPLAINT ¶66:**

Defendant is an 'employer' as defined by the FMLA.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 66 of Plaintiff's Complaint.

**COMPLAINT ¶67:**

Plaintiff was an eligible employee under the FMLA.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 67 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 67 of Plaintiff's Complaint.

**COMPLAINT ¶68:**

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 68 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 68 of Plaintiff's Complaint.

**COMPLAINT ¶69:**

Plaintiff was employed by Defendant for more than 12 months.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 69 of Plaintiff's Complaint.

**COMPLAINT ¶70:**

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 70 of Plaintiff's Complaint.

**COMPLAINT ¶71:**

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 71 of Plaintiff's Complaint do not specify

the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 71 of Plaintiff's Complaint.

**COMPLAINT ¶72:**

Plaintiff had a medical condition that required time off of work to receive medical treatment.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 72 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 72 of Plaintiff's Complaint.

**COMPLAINT ¶73:**

Plaintiff had a serious medical condition as defined by the FMLA.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 73 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 73 of Plaintiff's Complaint.

**COMPLAINT ¶74:**

Defendant had notice of Plaintiff's need for protected medical leave.

**ANSWER:**

Because Plaintiff sought FMLA leave on more than one occasion and because the allegations in Paragraph No. 74 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 74 of Plaintiff's Complaint.

**COMPLAINT ¶75:**

Defendant failed to advise Plaintiff about her right to FMLA leave.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 75 of Plaintiff's Complaint.

**COMPLAINT ¶76:**

After Plaintiff applied for and obtained FMLA leave, Defendant retaliated against her.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 76 of Plaintiff's Complaint.

**COMPLAINT ¶77:**

Defendant terminated Plaintiff's employment.

**ANSWER:**

Anthem admits the allegations in Paragraph No. 77 of Plaintiff's Complaint.

**COMPLAINT ¶78:**

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 78 of Plaintiff's Complaint.

**COMPLAINT ¶79:**

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 79 of Plaintiff's Complaint.

**COUNT III**
**DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

**COMPLAINT ¶80:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 66 through 79 of Plaintiff's Complaint as its response to Paragraph No. 80 of Plaintiff's Complaint.

**COMPLAINT ¶81:**

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions, including but not limited to functions of the respiratory and circulatory systems.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 81 of Plaintiff's Complaint.

**COMPLAINT ¶82:**

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 82 of Plaintiff's Complaint.

**COMPLAINT ¶83:**

Defendant was aware of Plaintiff's disability.

**ANSWER:**

Because Plaintiff has not identified the disability on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 83 of Plaintiff's Complaint.

**COMPLAINT ¶84:**

Defendant received notice of Plaintiff's disability, at the latest, in November 2015.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 84 of Plaintiff's Complaint.

**COMPLAINT ¶85:**

Defendant regarded Plaintiff as having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

**ANSWER:**

Because the allegations in Paragraph No. 85 of Plaintiff's Complaint do not specify the period in question, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 85 of Plaintiff's Complaint.

**COMPLAINT ¶86:**

Plaintiff has a record of having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

**ANSWER:**

Anthem admits that Plaintiff has a record of having a disability, but denies any implication that Anthem violated the ADA and denies any remaining allegations in Paragraph No. 86 of Plaintiff's Complaint.

**COMPLAINT ¶87:**

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 87 of Plaintiff's Complaint.

**COMPLAINT ¶88:**

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 88 of Plaintiff's Complaint.

**COMPLAINT ¶89:**

Defendant terminated Plaintiff's employment, in whole or in part, because of her disability, perceived disability, or record of having a disability.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 89 of Plaintiff's Complaint.

**COMPLAINT ¶90:**

Defendant's supervisory employee made derogatory comments about Plaintiff's disability.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 90 of Plaintiff's Complaint.

**COMPLAINT ¶91:**

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 91 of Plaintiff's Complaint.

**COMPLAINT ¶92:**

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 92 of Plaintiff's Complaint.

**COMPLAINT ¶93:**

Defendant treated other employees outside Plaintiff's protected class differently.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 93 of Plaintiff's Complaint.

**COMPLAINT ¶94:**

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 94 of Plaintiff's Complaint.

**COMPLAINT ¶95:**

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 95 of Plaintiff's Complaint.

**COMPLAINT ¶96:**

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 96 of Plaintiff's Complaint.

**COMPLAINT ¶97:**

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 97 of Plaintiff's Complaint.

**COMPLAINT ¶98:**

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 98 of Plaintiff's Complaint.

**COMPLAINT ¶99:**

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 99 of Plaintiff's Complaint.

## COUNT IV
## FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

**COMPLAINT ¶100:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 81 through 99 of Plaintiff's Complaint as its response to Paragraph No. 100 of Plaintiff's Complaint.

**COMPLAINT ¶101:**

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions including but not limited to functions of the respiratory and circulatory systems.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 101 of Plaintiff's Complaint.

**COMPLAINT ¶102:**

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 102 of Plaintiff's Complaint.

**COMPLAINT ¶103:**

Defendant was aware of Plaintiff's disability.

**ANSWER:**

Because Plaintiff has not identified the disability on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 83 of Plaintiff's Complaint.

**COMPLAINT ¶104:**

Defendant received notice of Plaintiff's disability, at the latest, in November 2015.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 104 of Plaintiff's Complaint.

**COMPLAINT ¶105:**

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 105 of Plaintiff's Complaint.

**COMPLAINT ¶106:**

Plaintiff was able to perform the essential function of her job with a reasonable accommodation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 106 of Plaintiff's Complaint.

**COMPLAINT ¶107:**

Plaintiff requested that Defendant accommodate her disability by allowing her to take intermittent leave from work to attend periodic doctor's appointments and time off as needed to avoid going into a serious medical state related to her disability.

**ANSWER:**

Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 107 of Plaintiff's Complaint, except that Anthem admits that Plaintiff requested, and Anthem granted, an accommodation in the form of intermittent leave for doctor visits and for occasional illness related to those appointments.

**COMPLAINT ¶108:**

Upon receiving Plaintiff's request for accommodations, Defendant interfered with and failed to engage in any interactive process with Plaintiff regarding her requested accommodations.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 108 of Plaintiff's Complaint.

**COMPLAINT ¶109:**

Defendant refused to provide Plaintiff with the reasonable accommodations, even though to do so would not impose an undue hardship.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 109 of Plaintiff's Complaint.

**COMPLAINT ¶110:**

Defendant terminated Plaintiff's employment to avoid providing Ms. Martin the reasonable accommodations requested.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 110 of Plaintiff's Complaint.

**COMPLAINT ¶111:**

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 111 of Plaintiff's Complaint.

**COMPLAINT ¶112:**

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 112 of Plaintiff's Complaint.

**COMPLAINT ¶113:**

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 113 of Plaintiff's Complaint.

**COMPLAINT ¶114:**

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 114 of Plaintiff's Complaint.

**COMPLAINT ¶115:**

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 115 of Plaintiff's Complaint.

**COMPLAINT ¶116:**

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 116 of Plaintiff's Complaint.

## COUNT V

## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

**COMPLAINT ¶117:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 101 through 116 of Plaintiff's Complaint as its response to Paragraph No. 117 of Plaintiff's Complaint.

**COMPLAINT ¶118:**

Plaintiff suffers from a physical impairment which substantially limits major life activities and bodily functions including but not limited to functions of the respiratory and circulatory systems.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 118 of Plaintiff's Complaint.

**COMPLAINT ¶119:**

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

**ANSWER:**

Because Plaintiff has not identified the physical impairment on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 119 of Plaintiff's Complaint.

**COMPLAINT ¶120:**

Defendant was aware of Plaintiff's disability.

**ANSWER:**

Because Plaintiff has not identified the disability on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 83 of Plaintiff's Complaint.

**COMPLAINT ¶121:**

Defendant received notice of Plaintiff's disability.

**ANSWER:**

Because Plaintiff has not identified the disability on which she bases her claims, Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 121 of Plaintiff's Complaint.

**COMPLAINT ¶122:**

At all times relevant to this action, Plaintiff was a qualified individual as defined in the ADA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 122 of Plaintiff's Complaint.

**COMPLAINT ¶123:**

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 123 of Plaintiff's Complaint.

**COMPLAINT ¶124:**

Plaintiff engaged in protected activity when she requested that Defendant accommodate her disability by allowing her to take intermittent leave from work to attend periodic doctor's appointments and time off as needed to avoid going into a serious medical state related to her disability.

**ANSWER:**

Anthem admits that Plaintiff requested, and Anthem granted, an accommodation in the form of intermittent leave for doctor visits and for occasional illness related to those appointments. Anthem also admits that a request for an accommodation is a protected activity. Anthem denies any remaining allegations in Paragraph No. 124 of Plaintiff's Complaint.

**COMPLAINT ¶125:**

Plaintiff engaged in protected activity when she complained to Defendant about disability discrimination and retaliation.

**ANSWER:**

Anthem admits that Plaintiff reported conduct that she alleged occurred after she took medical leave, as well as conduct she alleged occurred after Anthem approved her to take intermittent leave. Anthem also admits that complaining about alleged disability discrimination or alleged retaliation for requesting an

accommodation is a protected activity. Anthem denies any remaining allegations in Paragraph No. 125 of Plaintiff's Complaint.

**COMPLAINT ¶126:**

Defendant retaliated against Plaintiff by interfering with her requests for accommodation and subjecting her to disciplinary actions on the basis of her requests and subsequent complaints of discrimination and retaliation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 126 of Plaintiff's Complaint.

**COMPLAINT ¶127:**

Defendant retaliated against Plaintiff by terminating her employment on the basis of her accommodation requests.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 127 of Plaintiff's Complaint.

**COMPLAINT ¶128:**

Defendant retaliated against Plaintiff by terminating her employment on the basis of her complaints of disability discrimination and retaliation.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 128 of Plaintiff's Complaint.

**COMPLAINT ¶129:**

Defendant's proffered reason for terminating Plaintiff's employment is a pretext designed to hide Defendant's retaliatory motive.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 129 of Plaintiff's Complaint.

**COMPLAINT ¶130:**

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 130 of Plaintiff's Complaint.

**COMPLAINT ¶131:**

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 131 of Plaintiff's Complaint.

**COMPLAINT ¶132:**

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, substantial emotional distress, inconvenience, humiliation, and other indignities.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 132 of Plaintiff's Complaint.

**COMPLAINT ¶133:**

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 133 of Plaintiff's Complaint.

## COUNT VI
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

**COMPLAINT ¶134:**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**ANSWER:**

Anthem incorporates by reference and restates its responses to Paragraph Nos. 118 through 133 of Plaintiff's Complaint as its response to Paragraph No. 134 of Plaintiff's Complaint.

**COMPLAINT ¶135:**

Plaintiff is over the age of 40.

**ANSWER:**

Upon information and belief, Anthem admits the allegations in Paragraph No. 135 of Plaintiff's Complaint.

**COMPLAINT ¶136:**

At the time Defendant terminated Plaintiff's employment, she was 63 years old.

**ANSWER:**

Upon information and belief, Anthem admits the allegations in Paragraph No. 136 of Plaintiff's Complaint.

**COMPLAINT ¶137:**

Defendant's supervisory employee harassed and singled-out Plaintiff by exemplifying her to be an individual whose age made her incapable of keeping up with her work and technology.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 137 of Plaintiff's Complaint.

**COMPLAINT ¶138:**

Defendant terminated Plaintiff's employment, in whole or in part, because of her age.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 138 of Plaintiff's Complaint.

**COMPLAINT ¶139:**

Others outside of Ms. Martin's protected classes were treated differently.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 139 of Plaintiff's Complaint.

**COMPLAINT ¶140:**

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment based on her age constitutes unlawful discrimination in violation of the ADEA, as amended.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 140 of Plaintiff's Complaint.

**COMPLAINT ¶141:**

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 141 of Plaintiff's Complaint.

**COMPLAINT ¶142:**

The effect of the conduct was to deprive Plaintiff of equal employment opportunity, and otherwise adversely affected Plaintiff's status as an employee, because of her age.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 142 of Plaintiff's Complaint.

**COMPLAINT ¶143:**

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical wellbeing as well as causing lost compensation and benefits.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 143 of Plaintiff's Complaint.

**COMPLAINT ¶144:**

Pursuant to the ADEA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADEA.

**ANSWER:**

Anthem denies the allegations in Paragraph No. 144 of Plaintiff's Complaint.

## PRAYER FOR RELIEF:

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

## ANSWER:

Anthem denies that Plaintiff has been damaged by any act, omission, or other conduct on the part of Anthem or its agents, representatives, or employees. Anthem also denies that Plaintiff is entitled to the relief sought in the Complaint, in the Prayer for Relief or any subpart of the Prayer for Relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Anthem further denies every allegation not expressly admitted in this Answer and asserts the following affirmative defenses. In asserting these defenses, Anthem does not assume the burden of proof as to matters that, pursuant to law,

are Plaintiff's burden to prove. Anthem reserves the right to plead any additional affirmative defenses as they become known during the pendency of this action.

## FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred before any applicable statute of limitations, Plaintiff's claims are time-barred.

## SECOND DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies or failed to comply with any procedural prerequisites before bringing her claims, including filing her EEOC charge and exercising her right to sue within the time prescribed by law, such claims are barred.

## THIRD DEFENSE

To the extent Plaintiff alleges that any of Anthem's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Anthem, and was undertaken without Anthem's knowledge or consent. Thus, Anthem is not liable for any such conduct, if it occurred.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Anthem made good faith efforts, in consultation with Plaintiff, to identify and provide a reasonable accommodation that would provide Plaintiff with an equally effective opportunity

and would not cause an undue hardship on Anthem's operations.

## FIFTH DEFENSE

Plaintiff is not entitled to punitive damages because Anthem made good faith efforts to comply with the ADA and all other applicable laws, any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and Anthem had reasonable grounds for believing that its actions or omissions did not violate applicable law.

## SIXTH DEFENSE

Plaintiff's claims under the FMLA are barred because she failed to provide proper notice as required by the FMLA.

## SEVENTH DEFENSE

Plaintiff is not entitled to liquidated damages because Anthem made good faith efforts to comply with the FMLA and all other applicable anti-discrimination laws and any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and Anthem had reasonable grounds for believing that its actions or omissions did not violate the applicable law.

## EIGHTH DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

## NINTH DEFENSE

Anthem asserts that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Anthem expressly denies, the same decisions(s) would have been reached for legitimate business reasons.

WHEREFORE, Anthem respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Anthem its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

Respectfully submitted,

ANTHEM, INC.

By: _s/ Thomas G. Reynolds IV_
  Alex S. Drummond
  Georgia Bar No. 231116
  adrummond@seyfarth.com
  Thomas G. Reynolds IV
  Georgia Bar No. 601898
  treynolds@seyfarth.com
  SEYFARTH SHAW LLP
  1075 Peachtree Street, N.E., Suite 2500
  Atlanta, Georgia 30309-3958
  Telephone: (404) 885-1500
  Facsimile: (404) 892-7056

  Attorneys for Defendant
  ANTHEM, INC.

Date: August 2, 2019

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA ANN MARTIN-DOWLING, | ) ) ) | Civil Action No. 1:19-cv-02313-WMR-JSA |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| BLUE CROSS BLUE SHIELD OF GEORGIA FOUNDATION, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 2, 2019, I electronically filed DEFENDANT

ANTHEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

with the Clerk of Court using the CM/ECF system, which will automatically send

electronic notification of such filing to the following attorney of record:

> Sheri Bagheri
> Barrett & Farahany
> 1100 Peachtree Street, N.E.
> Suite 500
> Atlanta, Georgia 30309

> */s/ Thomas G. Reynolds IV*
> Georgia Bar No. 601898
> Counsel for Anthem, Inc.